UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTOINE RAY THOMAS,<br><br>Defendant. | 4:22-40046-KES<br><br>ORDER ADOPTING REPORT & RECOMMENDATION DENYING MOTION TO SUPPRESS |

Defendant, Antoine Thomas, is charged with two counts of conspiracy to distribute a controlled substance, methamphetamine and fentanyl, 21 U.S.C. §§ 841(a)(1) and 846, and one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Docket 112. Thomas moves to suppress evidence and statements obtained as a result of the traffic stop leading to his arrest. Docket 106. He contends that the seizure of his vehicle was conducted without probable cause and the initial stop was unlawfully extended in violation of the Fourth Amendment. *Id.* He further argues that the search of his vehicle was conducted in violation of the Fourth Amendment. *Id.* Finally, Thomas asserts that his Fifth Amendment rights were violated because he was interrogated while in custody without receiving *Miranda* advisement. *Id.*

The court referred Thomas's motion to Magistrate Judge Veronica Duffy under 28 U.S.C. § 636(b)(1)(B). After holding an evidentiary hearing, Magistrate

Judge Duffy recommended denying Thomas's motion to suppress. Docket 108; Docket 110 at 33. Thomas objects to the Report and Recommendation. Docket 111. After a de novo review of the Report and Recommendation and the record, the court adopts the Report and Recommendation and denies Thomas's motion to suppress.

## LEGAL STANDARD

This court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 59 of the Federal Rules of Criminal Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Because motions to suppress evidence are considered dispositive matters, a magistrate judge's recommendation regarding such a motion is subject to de novo review. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980). In conducting a de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## FACTS

After a de novo review of the transcript of the evidentiary hearing and the exhibits received into evidence, the court adopts the facts as set forth in the Report and Recommendation. Thomas did not file any objections to the facts.

**DISCUSSION**

Thomas raises four objections to the Report and Recommendations. Docket 111. First, Thomas objects to the magistrate judge's recommendation that the stop of Thomas's vehicle was constitutional because VanVoorst had probable cause. *Id.* at 1–2. Second, Thomas objects to the recommendation that the seizure of Thomas's vehicle was not unconstitutionally extended. *Id.* at 2. Third, Thomas objects to the recommendation that the search of his vehicle was constitutional. *Id.* at 2–3. Fourth, Thomas objects to the recommendation that he was not in custody when he was interrogated. *Id.* at 3–4. The court considers each objection in turn.

**I.       Whether VanVoorst had probable cause to stop Thomas's vehicle**

The Fourth Amendment of the United States Constitution forbids "unreasonable searches and seizures." U.S. Const. amend. IV. "A traffic stop for a suspected violation of law is a 'seizure' of the occupants of the vehicle and therefore must be conducted in accordance with the Fourth Amendment." *Heien v. North Carolina*, 574 U.S. 54, 60 (2014) (citing *Brendlin v. California*, 551 U.S. 249, 255-59 (2007)). The Supreme Court has held that an officer may conduct an investigatory stop "when a law enforcement officer has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.' " *See Navarette v. California*, 572 U.S. 393, 396 (2014) (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)). "[T]he Fourth Amendment only requires that police articulate some minimal, objective justification for an investigatory stop." *United States v. Tamayo-Baez*, 820 F.3d

3

308, 312 (8th Cir. 2016). Courts "must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002). "A traffic violation, no matter how minor, gives probable cause for a traffic stop." *Wood v. Wooten*, 986 F.3d 1079, 1081 (8th Cir. 2021).

Thomas argues VanVoorst did not have probable cause to stop his vehicle because VanVoorst "decided that he was going to pull over Mr. Thomas's vehicle before the turn began." Docket 111 at 1. But the constitutionality of a traffic stop does not "depend[] on the actual motivations of the individual officers involved," so long as some basis exists. *Whren v. United States*, 517 U.S. 806, 813 (1996). Thus, the operative question is not whether VanVoorst intended to pull over Thomas's vehicle, but rather whether VanVoorst's testimony that he observed Thomas's vehicle complete a wide turn is sufficient to establish probable cause.

On this point, Thomas contends that VanVoorst "did not observe [his vehicle] enter the lane illegally" because there was enough time for Thomas's vehicle to enter the inside lane and then merge into the outside lane. Docket 111 at 1. But even if there was adequate time for the turn to be completed legally, this does not negate VanVoorst's testimony that he saw Thomas's vehicle enter the far lane early. Docket 108 at 6–7, 15. Thomas may have had time to complete his turn and then change lanes, but Thomas made a wide turn. Thomas also argues that VanVoorst could not have observed the wide

4

turn because of rain and low visibility. Docket 111 at 1. But Thomas's vehicle can clearly be seen turning left in the dashcam footage from VanVoorst's patrol car. Ex. 1, Clip 1 at 00:27. The footage lacks the necessary depth perception to conclusively show what lane Thomas turned into, but it clearly depicts Thomas's vehicle, demonstrating that it was possible for VanVoorst to view the turn despite the visibility problems. *See id.* Thomas further asserts that VanVoorst did not observe the turn because his attention would "obviously [have been] focused on maintaining a distance from the vehicle in front of him while simultaneously gaining speed to make his turn." Docket 111 at 1. VanVoorst testified, however, that he was looking for a reason to pull over Thomas's vehicle. Docket 108 at 26. Thus, his attention would have been directed in part at Thomas's vehicle. An experienced officer would likely be able to observe Thomas's vehicle while completing a routine left turn, even separated by the Toyota Tundra.

      Thomas also maintains VanVoorst did not have probable cause because no other vehicle was using the outside lane, and thus vehicle traffic was unaffected by the wide turn. But the plain language of SDCL § 32-26-18 requires a driver to turn into "the extreme left-hand lane lawfully available," irrespective of traffic conditions. Moreover, although Thomas was cited under SDCL § 32-26-6 and not § 32-26-18, Magistrate Judge Duffy adequately

addressed why probable cause existed for the stop despite the mismatch between citation and conduct. Docket 110 at 19.

VanVoorst's testimony that he observed Thomas make an illegal wide turn is sufficient under the totality of the circumstances to show he had probable cause to stop Thomas. Thomas's objection is overruled.

## II.   Whether the stop was unconstitutionally extended

A traffic stop should only last long enough to complete the purpose of the stop. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015).  Although the primary purpose of a traffic stop is to "address the traffic violation that warranted the stop," officers may also conduct "incident[al]" inquiries such as running a warrant check on the driver and inspecting the driver's license, registration, and proof of insurance. *Id.* at 354–55. Absent reasonable suspicion that other criminal activity is afoot, an officer's authority for conducting a traffic stop "ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." *Id.* at 354. But when an officer "discovers information leading to reasonable suspicion of an unrelated crime," he or she "may extend the stop and broaden the investigation." *United States v. Woods*, 829 F.3d 675, 679 (8th Cir. 2016).

VanVoorst testified that upon approaching Thomas's vehicle, he smelled marijuana. Docket 108 at 8. Although Thomas disputes VanVoorst's testimony that he smelled marijuana, Docket 111 at 2, the court finds VanVoorst's testimony credible both because of the large quantity of raw marijuana found in Thomas's vehicle, and the corroborating testimony of Patrol Officers Tanner

Pollema and Richard Horn. Docket 108 at 67, 91. VanVoorst's credibility on this issue was sufficiently discussed by Magistrate Judge Duffy. The court finds that based on VanVoorst's testimony regarding the smell of marijuana, he had probable cause to extend the stop and investigate. *See United States v. Smith*, 789 F.3d 923, 928 (8th Cir. 2015).

Thomas also argues that because VanVoorst did not mention the marijuana smell on the narcotics line, the call VanVoorst made when he returned to his patrol vehicle extended the stop and was not a part of the alleged new marijuana investigation. Docket 111 at 2. But the body camera footage from the time VanVoorst returned to his patrol vehicle depicts the steering wheel and not his computer, and thus is not inconsistent with VanVoorst's testimony that he "did two thing at once" by running Thomas's name through the NCIS database while speaking over the radio. Ex. 1, Clip 2, 20:13:11; Docket 108 at 34.

The evidence is sufficient under the totality of the circumstances to demonstrate that VanVoorst did not unconstitutionally extend the traffic stop. Thomas's objection is overruled.

### III. Whether probable cause existed to search Thomas's vehicle

"Although a warrantless search usually constitutes a per se Fourth Amendment violation, the automobile exception to the Fourth Amendment's warrant requirement permits the warrantless search or seizure of a vehicle by officers possessing probable cause to do so." *United States v. Soderman*, 983 F.3d 369, 375 (8th Cir. 2020). "If an officer develops probable cause that

contraband may be found in the vehicle, then it is reasonable for the officer to search the vehicle without a warrant." *United States v. Hernandez-Mendoza*, 600 F.3d 971, 975 (8th Cir.), *as amended* (July 7, 2010), *opinion amended on denial of reh'g*, 611 F.3d 418 (8th Cir. 2010).

Here, VanVoorst's testimony that he smelled marijuana at the beginning of the stop provided reasonable suspicion to extend the stop. Docket 108 at 8; *see United States v. Williams*, 955 F.3d 734, 737 (8th Cir. 2020)("[The Eighth Circuit has] repeatedly held that the odor of marijuana provides probable cause for a warrantless search of a vehicle under the automobile exception."); *United States v. Milk*, 66 F.4th 1121, 1131 (8th Cir. 2023).

Thomas argues that VanVoorst's testimony is not credible because he did not inform the other officer over the narcotics radio channel that he smelled marijuana when he returned to his patrol vehicle. Docket 111 at 3. But VanVoorst testified that to do so at that time was unnecessary. Docket 108 at 49. This court finds the testimony of the other officers and presence of a large quantity of raw marijuana in the car sufficient to support VanVoorst's testimony.

Thomas also contends that the corroborating testimony of Officer Pollema and Officer Horn should not bolster VanVoorst's testimony because they did not make contemporaneous statements about the smell of marijuana at the scene or note the "identification of evidence" in their reports. Docket 111 at 3. The court finds that Pollema's failure to note in his report that it was VanVoorst who first alerted him to the smell of marijuana does not render his

8

testimony not credible. Pollema testified that he wrote "what [he] smelled and observed," despite not including this part of his conversation with VanVoorst. Docket 108 at 72. The court further agrees with Magistrate Judge Duffy that it is unlikely all three officers would perjure themselves. Docket 110 at 23. Instead, the court finds that each of their testimony corroborates the others' testimony.

Under the totality of the circumstances the evidence is sufficient to demonstrate that VanVoorst had probable cause to search Thomas's vehicle. Thomas's objection is overruled.

### IV. Whether Thomas's statements made to police should be suppressed because he was not given *Miranda* advisement

In her report and recommendation, Magistrate Judge Duffy thoroughly analyzed the law regarding whether a person is subject to custodial interrogation prior to receiving *Miranda* rights and thus whether a person's statement should be suppressed. *Id.* at 26. The court adopts Magistrate Judge Duffy's summary of the law and will only expand on the law relevant to the objections raised.

Thomas objects to Magistrate Judge Duffy's finding that the statement Thomas seeks to have suppressed was made during a valid *Terry* stop, and that Thomas was not in custody within the meaning of *Miranda*. Docket 111 at 3–4. Thomas correctly observes that whether the seizure of Thomas was a *Terry* stop is a "different question than whether *Miranda* is required." *Id.* at 4. While a *Terry* or traffic stop may not typically require that *Miranda* warnings be given, *Miranda* warnings before interrogation are required if "at any time between the

9

initial stop and the arrest, [the suspect is] subjected to restraints comparable to those associated with a formal arrest." *Berkemer v. McCarty*, 468 U.S. 420, 421 (1984). In determining whether the suspect was subjected to such restraints, the "only relevant inquiry" is how a "reasonable person" would have understood the situation under the totality of the circumstances "confront[ing] the defendant at the time of questioning." *United States v. Czichray*, 378 F.3d 822, 826 (8th Cir. 2004).

The court finds that a reasonable person would not view the defendant as subject to restraints comparable to a formal arrest at the time of questioning. Thomas was not handcuffed, he was free to move about, he "had not been told his detention would be anything other than temporary," and the questions were "limited in number and scope." *United States v. Coleman*, 700 F.3d 329, 336 (8th Cir. 2012) (holding that a suspect seated in front seat of officer's patrol car following traffic was stop not in custody). Thus, the court finds that Thomas was not in custody at the time he was questioned.

The evidence is sufficient under the totality of the circumstances to show that Thomas was not in custody at the time he was subject to interrogation. Thus, Thomas's objection is overruled.

## CONCLUSION

Because there is no constitutional violation, the court declines to suppress any evidence gathered as a result of the traffic stop. The court adopts Magistrate Judge Duffy's recommendation and denies Thomas's motion to suppress. Thus, it is

10

ORDERED that the Report and Recommendation (Docket 110) denying Thomas's motion to suppress is adopted. The motion to suppress (Docket 106) is denied.

Dated October 27, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE